# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2007

Charles R. Fulbruge III
Clerk

No. 06-50998
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SANDOR OWEN BONILLA-ESTRADA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-424-ALL

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sandor Owen Bonilla-Estrada (Bonilla) appeals following his guilty-plea conviction for illegal reentry following removal. Bonilla argues that his 57-month sentence is unreasonable as a matter of law because this court's use of a presumption of reasonableness for sentences imposed within the properly calculated guidelines range effectively reinstates the mandatory guidelines regime struck down in United States v. Booker, 543 U.S. 220 (2005). This argument is foreclosed. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alternatively, Bonilla argues that the presumption of reasonableness has been rebutted in his case. He contends that he presented the district court with legitimate arguments in mitigation of his sentence, including his ties to the United States, the difficult circumstances he faced in his native country upon removal, and his benign motives for reentering the United States. Bonilla maintains that the district court should have addressed these arguments.

A sentence within a properly calculated guidelines range is entitled to great deference. See United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005). Little explanation is needed when a court imposes a sentence within the advisory range. Id. at 519. In reviewing such a sentence, we merely ask whether the district court abused its discretion in imposing it. Rita, 127 S. Ct. at 2465. Bonilla has not shown that the district court abused its discretion in sentencing him within the properly calculated guidelines range. See id. at 2469.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Bonilla challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

The judgment of the district court is AFFIRMED.